# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 23, 2009
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000776-MR

FINAL

DATE 5|14|09 _Kelly Klaber_ D.C.

CHARLES LAMAR JOHNSON                                                    APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                    CASE NO. 2008-CA-001222-OA
JEFFERSON CIRCUIT COURT CASE
NOS. 04-J-500469, 87-PA-4897 AND 89-PA-5073


HON. HUGH SMITH HAYNIE, JUDGE,                          APPELLEES
FAMILY CIRCUIT COURT;
HON. JOSEPH O'REILLY, JUDGE,
FAMILY CIRCUIT COURT; AND
HON. PAULA SHERLOCK, JUDGE,
FAMILY CIRCUIT COURT

AND


GEORGE B. BOEHNLEIN, DIRECTOR,                  (REAL PARTIES IN INTEREST)
JEFFERSON COUNTY CHILD SUPPORT
DIVISION; DEANA H. MCDONALD,
ASSISTANT COUNTY ATTORNEY;
CABINET FOR HEALTH AND FAMILY
SERVICES; AND COMMONWEALTH
OF KENTUCKY


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Charles Lamar Johnson petitioned the Kentucky Court of Appeals for a

writ of prohibition to prevent the Jefferson County Circuit Court from enforcing

orders of non-wage garnishment, which were sought by the Cabinet for Health

and Family Services to satisfy Johnson's delinquency in his child support payments. The Court of Appeals denied Johnson's request for a writ, holding that because Johnson did not allege that Judge Haynie was acting outside of his jurisdiction and because Johnson had an adequate remedy by appeal, he failed to meet any of the grounds required for the issuance of a writ. Agreeing that the Court of Appeals acted properly in this instance, we affirm its denial of Johnson's request for a writ of prohibition.

## RELEVANT FACTS

On May 28, 2008, the Cabinet for Health and Family Services filed three Orders of Garnishment (Non-Wage) with the Jefferson Circuit Family Court pursuant to KRS 205.778(1). These three Orders named Charles Lamar Johnson as the judgment debtor, listed National City Bank as the Garnishee, and included the total amount due as $32,065. Subsequently, on June 4, 2008, after being served with the orders of garnishment, National City Bank closed several of Johnson's bank accounts and tendered the funds in the accounts, totaling approximately $30,000, to the Cabinet for Health and Family Services, who distributed them to the parties who were owed child support payments. On June 23, 2008, Johnson sought a writ in the Court of Appeals, alleging that the Jefferson Circuit Court had acted erroneously in allowing his bank accounts to be garnished because he had not been given proper notice or an opportunity to argue that his child support obligations were fulfilled by the transfer of his monthly disability checks. On August 13, 2008, the Court of

2

Appeals denied Johnson's request for a writ, and Johnson then appealed to this Court as a matter of right. Ky. Const. § 110(2)(a); CR 76.36(7)(a).

## ANALYSIS

Whether to grant or deny a writ of prohibition is within the sound discretion of the court with which the petition is filed. Haight v. Williamson, 833 S.W.2d 821, 823 (Ky. 1992). Thus, an appellate court ultimately reviews that decision for an abuse of discretion. Newell Enterprises, Inc v. Bowling, 158 S.W.3d 750, 754 (Ky. 2005). In Hoskins v. Maricle, 150 S.W.3d 1, 10 (Ky. 2004), this Court explained that

> [a] writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

Here, Johnson argues that his case falls into the second class of writs, contending that the circuit court acted erroneously, though within its jurisdiction, when it allowed the funds in his bank accounts to be garnished. However, as the Commonwealth notes, the circuit court did not necessarily act in Johnson's case. Rather, the Cabinet for Health and Family Services (the Cabinet) simply filed the Order of Garnishment forms with the circuit clerk and served these orders on the financial institutions where Johnson maintained his accounts. Although the circuit court was responsible for entering these orders,

3

the decision to garnish Johnson's bank accounts was made by the Cabinet.

Furthermore, a party requesting a writ of prohibition must demonstrate that he has no adequate remedy by appeal. Id. In this case, Johnson has a clear remedy by appeal that is specifically set forth in the Order of Garnishment form. The order form states that if the judgment debtor wants to contest the garnishment of his property, he can "immediately request a hearing in the court listed above by filing a sworn written request with the Clerk of the Court within ten (10) days of the Garnishee's Date of Receipt noted above." Ironically, Johnson filled out three affidavits to challenge the three orders of garnishment filed by the Cabinet and submitted them to the Jefferson Circuit Family Court on July 8, 2008. The Circuit Court is holding these affidavits pending the resolution of Johnson's appeal to this Court. Therefore, Johnson clearly had an "adequate remedy by appeal or otherwise" and will be able to participate in a hearing challenging the garnishments.

Despite this adequate remedy, Johnson claims that the Court of Appeals abused its discretion by not explaining in detail its factual findings and legal justifications on which the denial was based. Although Johnson is correct that the Court of Appeals resolved his claim in a very brief Order, the fact remains that, as noted above, Johnson did have a clear remedy and was not entitled to a writ of prohibition. Secondly, without citing any Kentucky statutes or case law, Johnson also claims that a writ of prohibition is the appropriate remedy when this Court needs to regulate the judicial process and prevent agents of

4

the state from violating statutory and constitutional law. This contention is without merit and unsupported by any legal authority. Furthermore, even if the Cabinet did not strictly comply with the statutory notice requirements, such failure can be adequately addressed during the hearing Johnson requested when he filed his affidavits challenging the garnishment.[1] Therefore, the Court of Appeals did not abuse its discretion in denying Johnson's request for a writ of prohibition.

## CONCLUSION

In this case, the Court of Appeals properly recognized that the circuit court had not acted erroneously, that Johnson had an adequate remedy by appeal, and that he was not entitled to a writ of prohibition. In accordance with the procedures set forth on the Order of Garnishment form, Johnson has submitted affidavits to the circuit court challenging the garnishments, and upon disposition of Johnson's appeal to this Court, the circuit court will conduct a hearing and allow Johnson the opportunity to argue his position with respect to the garnishments. This procedure constitutes an adequate remedy and makes a writ wholly inappropriate in this case. Thus, the August

---

[1] KRS 425.501 does not have a pre-garnishment notice requirement. KRS 425.501(3) does require the garnishee to provide notice to the judgment debtor, but National City complied with this requirement when it sent written notice to Johnson that his accounts had been garnished. KRS 205.778 requires the Cabinet to provide notice to the individual subject to a child support lien "within two (2) business days of the date that notice is sent to the financial institution." Here, although Johnson received a letter entitled "Advance Notice of Intent to Collect Past-Due Support" from the Cabinet, he alleges that he did not receive it until June 19, 2008, eleven business days after the Cabinet sent the orders of garnishment to National City Bank. Whether this constituted a statutory violation, and the appropriate remedy, if any, should ultimately be determined during the circuit court's hearing as contemplated by the Order of Garnishment form.

13, 2008 Order of the Court of Appeals denying Johnson's request for a writ of prohibition is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Charles Lamar Johnson, #125989
Kentucky State Reformatory
3001 W. Highway 146
LaGrange KY 40032


COUNSEL FOR APPELLEE
HON. HUGH SMITH HAYNIE, JUDGE:

Hon. Hugh Smith Haynie, Judge
Family Circuit Court Division Two
Jefferson County Judicial Center
700 West Jefferson Street
Louisville KY 40202-4730

COUNSEL FOR APPELLEE
HON. JOSEPH W. O'REILLY:

Hon. Joseph W. O'Reilly
Family Circuit Court, Division Seven
Judicial Center
700 West Jefferson Street
Louisville, KY 40202

COUNSEL FOR APPELLEE
HON. PAULA SHERLOCK:

Hon. Paula Frances Smith Sherlock
7901 Westover Drive
Prospect KY 40059

COUNSEL FOR REAL PARTY IN INTERST
COMMONWEALTH OF KENTUCKY:

Jack Conway
Attorney General
Room 118  Capitol Building
Frankfort KY  40601

COUNSEL FOR REAL PARTY IN INTEREST
CABINET FOR HEALTH AND FAMILY SERVICES:

Jon Robert Klein
Cabinet for Health and Family Services
Office of Legal Services
275 East Main Street  5W-B
Frankfort KY  40621

COUNSEL FOR REAL PARTY IN INTEREST
DEANA H. MCDONALD, ASSISTANT
COUNTY ATTORNEY:

Deana H. McDonald
Assistant Jefferson County Attorney
Fiscal Court Building  Suite 1001
531 Court Place
Louisville KY  40202

COUNSEL FOR REAL PARTY IN INTEREST
GEORGE B. BOEHNLEIN, DIRECTOR,
JEFFERSON COUNTY CHILD SUPPORT
DIVISION:

George B. Boehnlein
Director, Jeferson County Child Support
315 W. Muhammad Ali Blvd.
Louisville, KY  40202